Case 4:22-cv-02907   Document 9   Filed on 04/20/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 20, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JAMES BARNES, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-2907 |
| § | |
| VROOM AUTOMOTIVE, LLC, § | |
| § | |
| Defendant. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Vroom Automotive, LLC's ("Vroom") motion to compel arbitration and to stay this case. Vroom's motion (Dkt. 5) is **GRANTED**. This case is **STAYED AND ADMINISTRATIVELY CLOSED** pending arbitration.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff James Barnes ("Barnes") sued Vroom in Texas state court under the Texas Deceptive Trade Practices Act, alleging that Vroom falsely represented that it had title to a 2018 Jeep Wrangler that it sold to Barnes. (Dkt. 1-7 at pp. 2–4). When Barnes amended his state-court pleading to include a claim under the Magnuson-Moss Warranty Act, Vroom removed the lawsuit to this Court under the federal question jurisdiction statute, 28 U.S.C. § 1331. (Dkt. 1; Dkt. 1-2 at p. 3). Vroom has now moved to compel arbitration and stay this case based on an arbitration clause that was included in the purchase agreement signed by the parties. (Dkt. 5). In relevant part, the clause reads:

> (a) Most customer concerns can be resolved by calling our customer service department at 855-524-1300 or emailing support@vroom.com. However, in the event that you and Vroom are unable to resolve any dispute with one another, you and Vroom each agree to resolve any and all disputes and claims through binding arbitration, unless you expressly reject this arbitration provision in writing within 30 days in accordance with subsection (k) below.
>
> (b) "Disputes and claims" shall be broadly construed to include past, current, and/or future claims seeking equitable and/or monetary relief that relate in any way to the Vehicle, the Agreement, services and goods provided in connection with the Vehicle or Agreement, the relationship between you and Vroom, your credit application, your financing application, financing terms, your personal information, tort claims, and/or advertising claims. However, a dispute or claim does not include any self-help remedy, or an individual action in court that is limited to preventing a party from using such self-help remedy and does not involve a request for damages or monetary relief of any kind. Further, a dispute or claim under this provision does not include any dispute or claim that, under the Magnuson-Moss Warranty Act, may not be the subject of a pre-dispute agreement to arbitrate.

Dkt. 5-1 at p. 4.

Barnes has not filed a response to Vroom's motion.

## LEGAL STANDARDS

In adjudicating a motion to compel arbitration under the Federal Arbitration Act ("FAA"), courts in the Fifth Circuit conduct a two-step inquiry. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257–58 (5th Cir. 1996). The first step is to determine whether the parties agreed to arbitrate the dispute in question, which the Court does by evaluating: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Id.* at 258. The second step is to determine "whether legal constraints external to the parties' agreement" foreclose the arbitration of the dispute. *Id.* For instance, a party may waive its right to enforce a contractual agreement for arbitration when that party is in default in the arbitration proceedings. *Folse v. Richard Wolf Medical Instruments Corp.*, 56 F.3d 603, 606 n.4 (5th Cir. 1995).

When determining whether the parties agreed to arbitrate the dispute in question, courts generally apply ordinary principles of state law "governing the validity, revocability, and enforceability of contracts[.]" *Halliburton Energy Services, Inc. v. Ironshore Specialty*

*Insurance Co.*, 921 F.3d 522, 530 (5th Cir. 2019) (quotation marks omitted). The purchase agreement in this case stipulates that Texas law applies because the Vroom dealership that sold Barnes the 2018 Jeep Wrangler is located in Texas. (Dkt. 5-1 at p. 1). Courts applying Texas contract law look to "the parties' intent as expressed in the terms of the contract" when determining whether a valid arbitration agreement exists and whether the dispute in question falls within its scope. *Id*. at 530–31.

Every circuit but the Fifth Circuit utilizes the summary judgment standard of Federal Rule of Civil Procedure 56 to evaluate motions to compel arbitration under the FAA, though the Third and Eighth Circuits also appear to endorse a standard based on Federal Rule of Civil Procedure 12(b)(6) in cases where arbitrability is apparent from the face of the pleadings. *Air-Con, Inc. v. Daikin Applied Latin America, LLC*, 21 F.4th 168, 174–75 & n.7 (1st Cir. 2021) (collecting cases). The Fifth Circuit has not articulated the appropriate procedure, but district courts within it have used the Rule 56 standard. *See, e.g., Jackson v. Royal Caribbean Cruises, Ltd.*, 389 F. Supp. 3d 431, 443–44 (N.D. Tex. 2019). No party has proposed an alternative in this case, and there is no reason to think that the Fifth Circuit will break from the other circuits, so the Court will use the commonly employed Rule 56 procedure.

In the context of a motion to compel arbitration, the Rule 56 standard requires the movant to present evidence sufficient to demonstrate an enforceable agreement to arbitrate. *Jackson*, 389 F. Supp. 3d at 445 (citing *Clutts v. Dillard's, Inc.*, 484 F. Supp. 2d 1222, 1224 (D. Kan. 2007)). Once this burden has been met by the movant, the burden shifts to the non-movant to raise a genuine dispute of material fact for trial. *Jackson*, 389 F. Supp.

3d at 445 (citing *Hancock v. American Telephone and Telegraph Co., Inc.*, 701 F.3d 1248, 1261 (10th Cir. 2012)). "In deciding whether the party opposing . . . compelled arbitration . . . has identified a genuine issue of material fact for trial, the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002) (quotation marks omitted). However, "[j]ust as in summary judgment proceedings, a party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.* Moreover, "[t]he failure to respond to a summary judgment motion leaves the movant's facts undisputed. The court need only decide whether those undisputed facts are material and entitle the movant to judgment as a matter of law." *Flowers v. Deutsche Bank National Trust Co.*, 614 Fed. App'x 214, 215 (5th Cir. 2015) (citation omitted); *see also Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

## ANALYSIS

Vroom has presented sufficient summary judgment evidence to demonstrate an enforceable agreement to arbitrate. Attached to Vroom's motion to compel arbitration is a copy of a purchase agreement signed by both Barnes and a representative of Vroom. (Dkt. 5-1). Included within that purchase agreement is a very broad arbitration clause requiring Barnes "to resolve any and all disputes and claims through binding arbitration[.]" (Dkt. 5-1 at p. 4). The purchase agreement stipulates that the phrase "'[d]isputes and claims' shall be broadly construed to include past, current, and/or future claims seeking equitable and/or monetary relief that relate in any way to the [2018 Jeep Wrangler that Barnes purchased],

the [purchase agreement], services and goods provided in connection with the [Jeep Wrangler] or [purchase agreement], the relationship between [Barnes] and Vroom, [Barnes's] credit application, [Barnes's] financing application, financing terms, [Barnes's] personal information, tort claims, and/or advertising claims." (Dkt. 5-1 at p. 4). Although the purchase agreement allowed Barnes to reject the arbitration provision in writing, there is no evidence that Barnes did so. (Dkt. 5-1 at p. 4).

It is true that, according to the purchase agreement, the phrase "disputes and claims" excludes "any dispute or claim that, under the Magnuson-Moss Warranty Act, may not be the subject of a pre-dispute agreement to arbitrate." (Dkt. 5-1 at p. 4). However, this language does not indicate that claims under the Magnuson-Moss Warranty Act are absolutely excluded from the scope of the purchase agreement's arbitration clause; the language simply acknowledges that the purchase agreement is a form agreement governed by the law of the state in which the selling Vroom dealership is located and that the arbitrability of claims under the Magnuson-Moss Warranty Act depends on the forum. (Dkt. 5-1 at p. 1). *See Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 478–79 & n.16 (5th Cir. 2002) (collecting cases illustrating split among state courts and lower federal courts). In both state and federal courts in Texas, claims under the Magnuson-Moss Warranty Act such as those brought by Barnes are arbitrable. *Id.*; *see also In re American Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 490 (Tex. 2001).

The evidence in the record establishes that there is a valid agreement to arbitrate between Barnes and Vroom and that the arbitration agreement's scope encompasses the dispute forming the basis of this lawsuit. There is no evidence showing that arbitration of

the dispute is foreclosed by legal constraints external to the parties' agreement. Accordingly, the Court will grant Vroom's motion to compel arbitration and stay this case.

## CONCLUSION

Defendant Vroom Automotive, LLC's motion to compel arbitration and to stay this case (Dkt. 5) is **GRANTED**. This case is **STAYED AND ADMINISTRATIVELY CLOSED** pending arbitration.

SIGNED at Houston, Texas on April 20, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE